IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : DOCKET NO.: 2:12CR00473 |
| ENOCH SMITH | : |
| Defendant | : |

Enoch Smith, by and through his attorney, Andres Jalon, Esquire, hereby files this Sentencing Memorandum and in support submits the following:

### I.  PROCEDURAL HISTORY

On August 30, 2012, a grand jury sitting in the Eastern District of Pennsylvania returned a two-count indictment charging Mr. Enoch Smith with (1) productions of child pornography, *see, e.g.*, 18 U.S.C. §§ 2251 (a), 2256 (2)(A) ("Count I"), and (2) sex trafficking of children and attempt, *see, e.g.*, 118 U.S.C. §§ 1951(b)(2) and 1594 ("Count II"). On July 26, 2013, after a jury trial, Mr. Smith was found guilty of both counts.

Mr. Smith was previously convicted in the Bucks County Court of Common Pleas for incidents implicating the same core operative facts at issue here.  On July 22, 2013, Mr. Smith was sentenced to consecutive terms of imprisonment on all convictions totaling thirty-six and a half (36½) to seventy three (73) years.

## II. LEGAL STANDARD

In *United States v. Booker*, the United States Supreme Court held that the Sentencing Guidelines are merely "advisory," thus vesting in judges the necessary and historic discretion when rendering sentences upon those defendants who have been convicted. 543 U.S. 220, 259-260, 125 S. Ct. 738, 764-765 (2005). Through *Booker*, the sentencing court has the responsibility to consider the relevant evidence admitted at trial by both the defense and the Government. *Id.* The United States Supreme Court made it clear the District Courts are neither bound, restricted, nor mandated to apply a rigid consideration of the Sentencing Guidelines.

Justice Stevens, for the majority, wrote:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.

*Id.*, at 750.

Justice Breyer wrote:

> We answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. §3553(b)(1) (Supp. IV), [18 USCS §3553(b)(1)] incompatible with today's constitutional holding. We conclude that this provision must be severed and excised, as must one other statutory section, § 3742(e) (2000 ed. and Supp. IV), which depends upon the Guidelines mandatory nature…It requires a sentencing court to consider Guideline ranges, see 18 USC § 3553(a)(4) (Supp. IV) [18 USCS § 3553(a)(4)], but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)..

*Id.*, at 756-757.

Under this standard and scope, the district courts exercise broad discretion in fashioning an appropriate sentence, commensurate with the policies of sentencing, within the restraints of

the Sixth Amendment, and in tandem with all other factors such as those listed in 18 U.S.C. § 3553(a). *United States v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (holding that the district court must sentence based on an individualized assessment based on the facts presented). A general formulation requires the sentencing court to follow the procedure outlined in *Levinson*:

> A district court must begin the process by first calculating the applicable Guidelines range. After that initial calculation, the court must then rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines. *United States v. Wise*, 515 F.3d 207, 216-17 (3d Cir. 2008) (citing *Gall*, 128 S. Ct. at 596-97; *Gunter I*, 462 F.3d at 247).

*United States v. Levinson*, 543 F.3d 190, 194-195 (3d Cir. 2008).

The factors listed in 3553 (a), relevant to sentencing, include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

2. the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed education or vocational training, medical care, and other correctional treatment in the most effective manner, § 3553(a)(2);

3. the kinds of sentences available, § 3553(a)(3)(4)

4. the applicable Guidelines sentence, § 3553(a)(4)(5)

5. the pertinent policy statements of the Sentencing Commission, § 3553(a)(5)(6)

6. the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and

7. the need to provide restitution to victims, § 3553(a)(7).

*United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). After taking full stock of the facts and circumstances of this case and the enumerated factors listed *supra*, Mr. Smith respectfully requests this Honorable Court issue a sentence of forty years to run concurrently with the term of the state's pending sentence from the Bucks County Court of Common Pleas.  Such a term of imprisonment would, given "the totality of the circumstances[,] . . . fashion[] a sentence that is sufficient, but not greater than necessary" to meet the goals and policies of sentencing.  *United States v. Dollson*, 2008 U.S. Dist Lexis 37158 (3d Cir. 2008).

### III. DISCUSSION

#### A. THE SENTENCING FACTORS FOUND IN 18 U.S.C. § 3553 (a)

##### 1. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE CHARACTERISTICS OF THE DEFENDANT

Mr. Smith acknowledges the resultant convictions came about through the jury's deliberations and verdict.  Mr. Smith also acknowledges that the facts, as established before the jury, depict a set of harrowing images and disturbing facts warranting a significant punishment.

Mr. Smith never graduated high school.  During his formative years, Mr. Smith dealt with the physical abuse waged upon him by his mother and maternal uncle.  Once Mr. Smith became the recipient of such lashings at the hands of his guardians, two things happened—Mr. Smith began, as does normally happen in abuse cases, to travel down the road of self-destruction and also began to treat people as he had been treated.  This bundle of self-destructive character traits and behaviors channeled into drug use and a life consistently reuniting with the criminal justice system.

Mr. Smith has a criminal background heavily rooted in the drug abuse that seemed inevitable by his tragic upbringing.  Starting from age 19, Mr. Smith's refuge has been his escape

from reality, a sad but self-evident expectation when a child is the subject of abuse at the hands of family.

Mr. Smith is thirty-eight. Mr. Smith can, with reasonable educational support, become a beneficial member of society. Unfortunately, Mr. Smith is heavily entrenched in a sentence of thirty-six and a half (36½) to seventy three (73) years from his trial in Bucks County. At best, Mr. Smith will only taste freedom sometime after he turn seventy-two (72).

2. **THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE CRIME, PROVIDE JUST PUNISHMENT, AND TO PROTECT THE PUBLIC**

There is no doubt that the exploitation of children, either physically or through some digital medium, is a serious crime that requires significant punishment. An enterprise, such as the one attributed to Mr. Smith, affected the immediate public in the area where he worked as well as the lives of those intertwined with the enterprise's objectives.

With Mr. Smith already serving a sentence for facts and incidents arising out of the exact same criminal episode at issue here, any deterrence by a severe sentence only provides minimally incremental deterrence for a few reasons. First, Mr. Smith will not see the light of day beyond a prison until he turns seventy-two (72). Second, Mr. Smith is serving what will be essentially a terminal sentence for the exact same criminal episode here, but which occurred in Buck County. There is no doubt that the purpose of the Sentencing Guidelines was to "fashion[] a sentence that is sufficient, but not greater than necessary" to meet the goals and policies of sentencing. *United States v. Dollson*, 2008 U.S. Dist Lexis 37158 (3d Cir. 2008). Those goals and policies include, *inter alia*, a sentence which dispenses just punishment, affords adequate deterrence, and provides the defendant with needed education or vocational training, medical care, and other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

### 3. KINDS OF SENTENCES AVAILABLE

Section 3553 (a)(3) requires the court to consider the kinds of sentences available. The only sentence prohibited given the crime *sub judice* is probation. Under 18 U.S.C. § 3583 (b)(2) and 8 U.S.C. § 1326 (b)(2), this court has the ability to authorize supervised release of one to three years or a maximum term of imprisonment of twenty years. According to the sentencing guidelines, given the total offense level, the prior criminal history score, and the departure recommended by the Fast Track plea agreement, the recommended sentencing range is 15 to 21 months. According to U.S.S.G. § 5D1.1, supervised release is not recommended in a case where the defendant is a deportable alien who will be deported after imprisonment. It is within the discretion of the court to fashion a sentence appropriate given the recommended options. A term of imprisonment of 15 months would suffice to meet the goals of the sentence.

### 4. THE APPLICABLE GUIDELINE SENTENCE

The Presentencing Investigation Report ("PRS") details that the adjusted, total offense level for the production of child pornography and for sex trafficking of children is forty (40). also thirty-eight (38). Mr. Smith has a prior criminal history score of eight (8) points, which places Mr. Smith's criminal history in Category IV. Under the sentencing guidelines, Mr. Smith is subject to a term of imprisonment within the range of 360 months to life imprisonment.

The statutory sentencing range for the production of child pornography is fifteen (15) to thirty (30) years. 18 U.S.C. § 2251 (a). The statutory sentencing range for sex trafficking of minors is ten (10) years to life imprisonment.

### 5. THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES

Section 3553(a)(6) requires the judge to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. §

3553(a)(6), 28 U.S.C. § 991(b)(1)(B). Defendants with similar records convicted of similar conduct vary widely in their culpability, risk of recidivism, dangerousness, and rehabilitation needs. "To avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, the guideline range, which reflects the defendant's criminal conduct and the defendant's criminal history, should continue to be 'the starting point and the initial benchmark.'" U.S.S.G § 5H, Introductory Comment (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). While uniformity in sentencing was the initial premise when formulating the Sentencing Guidelines and the range recommended within the Sentencing Guidelines are the "starting point" or "initial benchmark," sometimes "departures from uniformity [are] a necessary cost of the remedy," *Kimbrough v. United States*, U.S., 128 S. Ct. 558, 574 (2007); that is because not all defendants are equal even though they may come before a court carrying an identical offense level and prior criminal score.

Mr. Smith requests this Honorable Court to sentence him commensurate to his criminal culpability.

### 6. THE NEED TO PROVIDE RESTITUTION TO VICTIMS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 and the mandatory restitution provision found in 18 U.S.C. § 3663 (A), restitution shall be ordered in this case. USSG § 5E1.1.

## CONCLUSION

The District Court is charged with considering the 3553(a) factors when fashioning its sentence upon Mr. Smith. For the foregoing reasons, Mr. Smith requests this Honorable Court sentence him pursuant to a term of imprisonment of twelve months and a day.

**WHEREFORE**, Defendant, Enoch Smith, requests this Honorable District Court to accept the Defendant's Sentencing Memorandum.

Respectfully Submitted,

**JALON & ASSOCIATES**
*/s/ Andres Jalon, Esquire/aj0117*
Andres Jalon, Esquire
Jalon & Associates
1500 Walnut Street, Suite 1207
Philadelphia, PA 19102
215-844-8444; Fax: 215-985-3610
ajalon@jalonesq.com
*Counsel for Defendant Roger Culbreth*

## **CERTIFICATE OF SERVICE**

I, Andres Jalon, hereby certify that on this 19th day of November, 2014, a true and correct copy of the foregoing Sentencing Memorandum was served via Electronic Filing System on the below listed persons:

Michelle Morgan, Esquire
Assistant U.S. Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

/s/ Andres Jalon, Esquire
Andres Jalon, Esquire
Jalon & Associates
1500 Walnut Street, Ste. 1207
Philadelphia, PA 19103
215-844-8444; Fax: 215-985-3610
ajalon@jalonesq.com
*Counsel for Defendant ENOCH SMITH*

Dated: November 19, 2014